## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

AG SERVICES OF AMERICA, INC.,
an Iowa corporation,

       Plaintiff,

vs.                                Civ. No. 96-1637 JC/WWD

JOHN D. NIELSEN a/k/a JACK NIELSEN,
et al.,

       Defendants and
       Third Party Plaintiffs,

vs.

TERRY LUNDELL,

       Third Party Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon plaintiff's Motion to Compel Production of Documents, filed March 26, 1998 [139-1].   The lawsuit involves a dispute over $323,357 in proceeds from a potato crop received by defendants ("Nielsen") in which plaintiff alleges it has a perfected security interest.

*Requests for Production Nos. 12 & 13* ask for documents pertaining to the financing of defendants' 1992 and 1993 New Mexico farm operations.[1]  These documents are relevant to the use and disposition of the proceeds which are the subject of the dispute, regardless of how narrowly defendants state the issue in this case.  See In re Folding Carton Anti-Trust Litigation, 76 F.R.D. 420, 425 (N.D.Ill. 1977) (discoverable documents need only be relevant to the subject matter involved and not the issues raised by the pleadings).  Defendants shall therefore produce these documents,

---

[1]  Defendants have already produced 1992 documents, except those which pertain to First Tier bank.

including documents from Nielsen's personal bank, First Tier bank, for the years 1991, 1992 and 1993, as plaintiff has sufficiently met the liberal threshold for their relevance under the federal rules. See Snowden et al, v. Connaught Lab., Inc., 137 F.R.D.325, 329 (D.Kan. 1991).[2]

    *Request for Production No. 10* is, as defendants correctly contend, a slightly modified version of a previously denied request.  It asks for documents which mention, discuss or refer to Frito-Lay, Inc. or Borden, Inc. or any other potato producer for the years 1991, 1992 and 1993.   I declined to look at the merits of an earlier motion to compel filed by plaintiff because it was untimely filed under D.N.M. LR-CIV 26.6.  Court Order of Feb. 18, 1998 [114].[3]  The present motion was filed within 20 days after the responses were served on defendants and is therefore timely filed under the local rule. Denying the request in circumstances where the underlying motion is untimely should not preclude consideration of the issue on the merits where the deficiency is corrected.

    Nielsen allegedly received proceeds from the sale of potatoes from Frito-Lay and Borden and used them for personal use and as First Tier credit instead of paying Ag Services pursuant to a promissory note.  Am. Compl, ¶¶ 9-11, 20, 21.  While it is true that Ag Services claims that it has a security interest only in the 1992 Clovis crop, documents relating to the years 1991 and 1993 are relevant to nature and history of the defendants' business relationship with Frito-Lay or Borden and the resultant disbursement of the proceeds.[4]  These documents are relevant to the issues in the case

---

    [2]  Among reasons listed by plaintiff is a showing of evidence that Nielsen used proceeds allegedly owed to AG Services to finance future crop production and to reduce his First Tier operating loan.  Reply at 2.

    [3]   The documents requested in the present Request No. 10 is actually a subset of the material asked for in Request No. 2 from the earlier motion.  See Req. No. 2, Ex. 1 to Pltff's Mot. to Compel, filed Feb. 6, 1998 [108].

    [4]  According to plaintiff, the Frito-Lay proceeds checks and contracts at issue were not in Nielsen's name, but were made out to "First Tier Bank" ["Firstier" in the Reply] and "Diamond Hill Farms."  Reply at 3.

and defendants shall produce them.

    *Request No. 8* asks for documents that mention, discuss or refer to the primary parties in the case.  Defendants object in part that the request is burdensome and oppressive because it would require a search covering a period of over 20 years.  Plaintiff's argument that defendants have already produced thousands of pages of documents does not strengthen plaintiff's position and is not in itself a reason to require further document production that does appear to be burdensome in its scope.  See Flour Mills of America Inc. v. Pace, 75 F.R.D. 676, 680 (E.D.Okla. 1977) (burden is on objecting party to show why interrogatory is improper).  Defendants shall produce documents which are responsive to this request, limited to the years 1989 through 1996.  Now, Therefore,

    **IT IS ORDERED** that plaintiff's Motion to Compel Production of Documents [139-1] is hereby granted in part;

    **IT IS FURTHER ORDERED** that on or before Friday, May 29, 1998, defendants shall provide plaintiff with the requested material as delineated above;

    **IT IS FINALLY ORDERED** that documents which defendants claim is protected by privilege or work product and which would otherwise be responsive to the request shall be listed in a privilege log as required under Fed.R.Civ.P. 26(b)(5).

                                      _____
                                        UNITED STATES MAGISTRATE JUDGE