IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AG SERVICES OF AMERICA, INC.,
an Iowa Corporation,

       Plaintiff,

      vs.                                     No. CIV  96-1637 JC/WWD

JACK NIELSEN, and DIAMOND HILLS
FARM, CLOVIS, INC., a New Mexico Corporation,

       Defendants/Third-Party Plaintiffs,

      vs.

TERRY LUNDELL,

       Third-Party Defendant.

### MEMORANDUM OPINION AND ORDER

      THIS MATTER came on for consideration of Plaintiff's Motion to Strike Defendants' Comparative Fault and Mitigation of Damages Affirmative Defenses (Docket No. 100).  The Court has reviewed the memoranda of the parties and relevant law and finds that oral argument is unnecessary for its ruling.  The Court will grant the motion in part and strike the comparative negligence defense from the answer.

      Plaintiff Ag Services contends that comparative fault and mitigation of damages defenses are unavailable as to any of its nine causes of action against Defendants.  Defendants concede that generally, with regard to "intentional" torts such as fraud, the tortfeasor is not permitted to shift the consequences of his own wrongful actions by use of such defenses.  However, they argue that

comparative fault and mitigation defenses are available with regard to two of the claims brought in the Second Amended Complaint--the conversion claim in Count I and the negligent misrepresentation claim in Count V.

## The Applicable Law

In the initial pretrial report, the parties stipulated that New Mexico law applies to the claims brought by Plaintiff, and generally parties are bound by clear unambiguous stipulations.  See Mills v. State Farm Mut. Auto Ins. Co., 827 F.2d 1418, 1422 (10th Cir. 1987).  Defendants now argue that the alleged misrepresentation was made in either Iowa or Nebraska and, therefore, New Mexico law does not apply to the claims based upon the misrepresentation.  Even if not bound by the stipulation, however, I find that New Mexico law governs this action.

> [New Mexico] generally follows the doctrine of *lex loci delicti* and applies the law of the state in which the wrongful conduct occurred.  See Zamora v. Smalley, 68 N.M. 45, 47 (1961) (stating that because accident occurred in Colorado, the law of that state applied); First Nat'l Bank in Albuquerque v. Benson, 89 N.M. 481, 481-82 (Ct. App.) (applying Zamora), cert. denied, 90 N.M. 7 (1976).  The 'place of the wrong' under this rule is 'the location of the last act necessary to complete the injury.' Wittkowski v. State, 103 N.M. 526, 528 (Ct. App.), cert. quashed, 103 N.M. 446 (1985), overruled on other grounds by Silva v. State, 106 N.M. 472, 477 (1987).  This rule is not utilized, however, if such application would violate New Mexico public policy.  Id.

Torres v. State of N.M., 119 N.M. 609, 613 (1995).  Although the asserted misrepresentation may have been made outside of New Mexico, all significant ties (the farm, the crop, the sales, etc.) are all within the state.  Because both Iowa and Nebraska apply the "most significant relationship" test to torts for choice of law analyses, New Mexico law seems most appropriate to apply under the circumstances of this case especially given the previous stipulation by the parties.

The question thus presented is whether under New Mexico law, as pronounced by its highest courts, comparative negligence and mitigation of damages defenses are available under the facts as alleged in the Second Amended Complaint. Because this Court is sitting pursuant to its diversity jurisdiction, it must do its best to predict how the New Mexico state courts would rule on the issues presented and not interpose its own determination of a "better" rule of law. See Adams-Arapahoe Sch. Dist. No. 28-J v. GAF Corp., 959 F.2d 868, 870-71 (10th Cir. 1992).

## Comparative Negligence Defense

### *The Uniform Commercial Code*

As an initial matter, Plaintiff cites Bowlin's, Inc. v. Ramsey Oil Co., Inc., 99 N.M. 660 (Ct. App. 1983), for the proposition that similar to contract law, comparative liability is not part of the Uniform Commercial Code ("UCC"). Even if that is a true statement of New Mexico law, I agree with Defendants that this case cannot be characterized as action for relief pursuant to the remedies available under the UCC. All nine claims sound in tort with absolutely no reference in the Second Amended Complaint to the Uniform Commercial Code ("UCC"). Thus, the reliance on the UCC to bar the comparative negligence defense is without merit.

### *The Negligent Misrepresentation Claim*

As stated above, an intentional tortfeasor is not permitted to shift the consequences of his own wrongful actions as a matter of sound public policy. Unlike an action for fraud or deceit, however, the plaintiff must prove that the misstatement was negligently made, not that it was made with the intent on the part of the defendant to mislead or defraud. Sims v. Craig, 96 N.M. 33, 35 (1981).

Therefore, Defendants maintain, public policy is not offended by the application of a comparative negligence defense when the misrepresentation was made in the absence of an intent to mislead.

Prior to the adoption of comparative negligence principles, the New Mexico Court of Appeals held that contributory negligence did not preclude a claim for negligent misrepresentation by a fiduciary.  Neff v. Bud Lewis Co., 89 N.M. 145, 148-49 (Ct. App. 1970) ("Neff").  Although acknowledging that a negligent misrepresentation claim "is a tort determined by the general principles of the law of negligence," the Neff court found that when reliance is justifiably placed in a fiduciary, a fiduciary must bear the entire risk of the consequences of his misrepresentation.

> The issue is not that plaintiff had a duty to exercise reasonable care in making a determination whether to rely on defendants' negligent representation.  ***The issue is whether plaintiff had a right to rely on the negligent representation of a fiduciary***. . . . Justifiable reliance by plaintiff is the issue . . . . We hold that contributory negligence is not a defense.

Id. at 148-49 (emphasis added).

In a more recent case involving intentional fraud, the New Mexico Supreme Court cited to the Neff opinion after it observed that "[i]n New Mexico, comparative-fault principles apply unless such application would be inconsistent with public policy."  Otero v. Jordan Restaurant Enter., 122 N.M. 187, 192 (1996) ("Otero") (quoting Reichert v. Atler, 117 N.M. 623, 625 (1994)). Otero's citation to the Neff decision bolsters Plaintiff's contention that New Mexico law continues to prohibit inquiry into the alleged unreasonableness in a plaintiff believing the truth of the misrepresentation.  Instead, the focus remains on the "justifiable reliance" element of a negligent misrepresentation claim.

Ag Services also relies on Otero's citation at page 192 to a case from another jurisdiction, Estate of Braswell v. People's Credit Union, 602 A.2d 510 (R.I. 1992) ("Braswell"), in which no

fiduciary relationship was implicated. After reviewing the split of authority, the Rhode Island Supreme Court adopted the minority view that negligence principles are inapplicable to actions for negligent misrepresentation resulting in a pecuniary loss. In holding that "the risk of falsity should fall upon the party making the representation," the Braswell court reasoned that "application of comparative-fault principles would only create unnecessary confusion and complexity in business transactions . . . ." Id. at 515. Given the continued reliance on the Neff decision even after New Mexico's adoption of comparative negligence and the express reference to another jurisdiction's rejection of the majority view on the issue, I find that comparative negligence is not a defense to the negligent misrepresentation claim raised in this case.

### *The Conversion Claim*

"Conversion is the wrongful possession of, or the exercise of dominion over, a chattel to the exclusion or in defiance of the owner's right thereto; or an unauthorized and injurious use thereof; or the wrongful detention after demand therefor by the owner." Taylor v. McBee, 78 N.M. 503, 506 (Ct. App. 1967). Under New Mexico law, "wrongful" is defined as "injurious, heedless, unjust, reckless, unfair." Buhler v. Marrujo, 86 N.M. 399, 403 (Ct. App. 1974). Although Defendants argue that conversion is more properly classified as a "strict liability" tort, New Mexico courts continue to adopt the "intentional" tort characterization set forth in § 222A of the RESTATEMENT (SECOND) OF TORTS. At least here, where Plaintiff alleges that Defendants' action in retaining the potato proceeds "was intentional and in bad faith," a comparative negligence defense cannot be interposed.

**Mitigation of Damages Defense**

"Mitigation of damages" in contract law corresponds to "avoidable consequences" in tort law. See Outboard Marine Corp. v. Babcock Indus., Inc., 106 F.3d 182, 184 (7th Cir. 1997). New Mexico recognizes the doctrine of avoidable consequences and has held that "a person injured by the tort of another is not entitled to recover for losses that he or she could have avoided by the use of due care." Rutledge v. Johnson, 81 N.M. 217 (1970) (plaintiff injured in a rear-end car accident and thereafter further injured in three household accidents).

The rule of avoidable consequences, as set forth in RESTATEMENT (SECOND) OF TORTS, § 918, states as follows:

> (1) Except as stated in Subsection (2), one injured by the tort of another is not entitled to recover damages for any harm that he could have avoided by the use of reasonable effort or expenditure after the commission of the tort.
>
> (2) One is not prevented from recovering damages for a particular harm resulting from a tort if the tortfeasor intended the harm or was aware of it and was recklessly disregardful of it, unless the injured person with knowledge of the danger of the harm intentionally or heedlessly failed to protect his own interests.

Therefore, "avoidable consequences" may lessen the recovery of one injured even by an intentional tort if the plaintiff is aware of the potential harm and purposefully ignores an opportunity to lessen the injury. Defendants are reminded, however, that although the defense may be raised, the doctrine of avoidable consequences arises only **after** the defendant's tortious conduct, not before it. Thus, the defense will not be viable at trial if based on Plaintiff's acts or omissions occurring prior to or during the commission of a tort. See Universal Premium Acceptance Corp. v. The York Bank & Trust Co., 1996 WL 432488 at *5-6 (E.D. Pa. 1996).

Wherefore,

IT IS ORDERED that Plaintiff Ag Services' Motion to Strike Defendants' Comparative Fault and Mitigation of Damages Affirmative Defenses (Docket No. 100), is hereby **granted in part**. The comparative negligence defense is hereby stricken from the answer. In all other respects, the motion is denied.

DATED this 9th day of April, 1998.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　**CHIEF UNITED STATES DISTRICT JUDGE**


| | |
|---|---|
| Counsel for Plaintiff: | Joseph E. Manges<br>Paula A. Cook<br>Comeau, Maldegen, Templeman & Indall, L.L.P.<br>Santa Fe, New Mexico |
| Counsel for Defendants: | Stephen S. Hamilton<br>Paul S. Grand<br>Montgomery & Andrews, P. A.<br>Santa Fe, New Mexico |
| | Laurice Margheim<br>Curtiss, Moravek, Curtiss & Margheim<br>Alliance, Nebraska |
| Counsel for Lundell: | Richard S. Mackenzie<br>Santa Fe, New Mexico |