IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AG SERVICES OF AMERICA, INC.,
an Iowa Corporation,

      Plaintiff,

      vs.                         No. CIV  96-1637 JC/WWD

JACK NIELSEN and DIAMOND HILLS
FARM, CLOVIS, INC., a New Mexico Corporation,

      Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTIONS IN LIMINE

THIS MATTER came on for consideration of Plaintiff's Motion in Limine (Docket No. 182) and Defendants' Motion in Limine to Exclude Evidence Pertaining to Partnership by Estoppel (Docket No. 217).  The Court has reviewed the memoranda of the parties and the relevant law, and finds that oral argument is unnecessary for its ruling.  The Court will deny both motions.

Defendants' motion is in reality a motion for partial summary judgment, the deadline for which has expired.  As well as being untimely, the motion is not well taken.  Plaintiff has come forward with sufficient evidence, if viewed in the light most favorable to Ag Services, to support a finding in its favor on the issue of partnership by estoppel.

Plaintiff's motion in limine seeks to exclude evidence:  (1) relating to settlements it entered into with Terry Lundell and Jeffrey Jorde; and (2) relating to Plaintiff's failure to sue three personal guarantors on the note.  Because these individuals will testify at trial, the terms of both settlement

agreements are clearly relevant to the issue of bias. Rule 408 of the Federal Rules of Evidence does not preclude the evidence for such a purpose.

Ag Services also argues that any funds it received from the purchase and sale of Lundell's Colorado property or the settlements identified earlier are irrelevant because they were not derived from 1992 potato crop proceeds. Nevertheless, as a matter of common sense, such evidence is relevant to the extent of injury to Ag Services and the amount of compensatory damages, if any. At least with regard to the claims for equitable relief, the Court must assure a fair and just result and avoid duplicative recovery of damages.

It also appears that such evidence may indeed be relevant to other issues at trial including the calculation of the actual compensatory damages, the duty to mitigate damages, the doctrine of avoidable consequences and the claim for *quantum meruit* relief. At this point, there is an issue of fact as to whether the collateral source doctrine is implicated.

Plaintiff further asserts that its tort claims against Nielsen are for "an independent, divisible act" such that Defendants' liability cannot be offset by any benefits derived from the Lundell settlement. This argument ignores Plaintiff's alternative position that Defendants are jointly liable with Lundell on contract claims because the potato operation was a "joint venture." Thus, the evidence may be relevant and probative on some issues but not others. Ag Services' arguments are best addressed in the jury instructions once the Court determines which, if any, claims will actually be given to the jury for its decision.

Wherefore,

IT IS ORDERED that Plaintiff's Motion in Limine (Docket No. 182) and Defendants' Motion in Limine to Exclude Evidence Pertaining to Partnership by Estoppel (Docket No. 217) be, and hereby are **denied**.

DATED this 23rd day of July, 1998.

                                                                     _____
                                                                     **CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Joseph E. Manges |
| | Paula A. Cook |
| | Comeau, Maldegen, Templeman & Indall, L.L.P. |
| | Santa Fe, New Mexico |
| Counsel for Defendants: | Stephen S. Hamilton |
| | Paul S. Grand |
| | Montgomery & Andrews, P. A. |
| | Santa Fe, New Mexico |
| | |
| | Laurice Margheim |
| | Curtiss, Moravek, Curtiss & Margheim |
| | Alliance, Nebraska |