**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

AG SERVICES OF AMERICA, INC.,
an Iowa Corporation,

      Plaintiff,

      vs.                                      No. CIV 96-1637 JC/WWD

JACK NIELSEN, and DIAMOND HILLS
FARM, CLOVIS, INC., a New Mexico Corporation,

      Defendants.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS'
MOTION IN LIMINE TO EXCLUDE EXTRINSIC EVIDENCE**

THIS MATTER came on for consideration of Defendants' Motion in Limine to Exclude Extrinsic Evidence *(Doc. 197)*. The Court has reviewed the memoranda of the parties and the relevant law, and finds that oral argument is unnecessary for its ruling. The Court finds that the motion is not well taken and will be denied.

Under New Mexico law, a security interest is effective only according to its express terms because "the purpose of a security agreement is to give notice to third parties that an interest may be claimed in the collateral by another." In re Finch, 120 N.M. 658, 660 (1995). Therefore, a lender and borrower's intent to have created security interests in collateral not set forth in the security agreement is irrelevant in the usual case involving an independent third-party. See Jones & Laughlin Supply v. Dugan Production Corp., 85 N.M. 51 (Ct. App. 1973).

In the present case, however, Defendants allegedly knew early on that Ag Services and Lundell intended to include security interests in collateral which was inadvertently omitted in the description portion of the security agreement. In essence, Nielsen has testified that he and Lundell "structured" the Diamond Hill, Clovis business and sublease arrangement in an effort to avoid any concern for Ag Services' security interests in the crops and proceeds. Defendants are alleged to have actual knowledge of the intended scope of the security interests, and their alleged actions can hardly be characterized as those of a typical, independent third-party. Thus, I will permit extrinsic evidence to be presented on the intent of the parties with regard to creation of a security interest beyond that expressly set forth in the agreement.

Wherefore,

IT IS ORDERED that Defendants' Motion in Limine to Exclude Extrinsic Evidence *(Doc. 197)*, be, and hereby is **denied**.

DATED this 28th day of July, 1998.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:    Joseph E. Manges and Paula A. Cook
                          Comeau, Maldegen, Templeman & Indall, L.L.P.
                          Santa Fe, New Mexico

Counsel for Defendants:   Stephen S. Hamilton and Paul S. Grand
                          Montgomery & Andrews, P.A.
                          Santa Fe, New Mexico

                          Laurice Margheim
                          Curtiss, Moravek, Curtiss & Margheim
                          Alliance, Nebraska