IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 02 2001


CLERK

AG SERVICES OF AMERICA, INC.,
An Iowa Corporation,

    Plaintiff,

vs.

Civ. No. 96-1637 JC/WWD

JOHN D. NIELSEN, also known as
JACK NIELSEN and DIAMOND
HILL FARM, CLOVIS, INC.,
A New Mexico Corporation

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant John D. Nielsen's ("Nielsen") Motion to Tax Trial Costs ("Cost Bill") and his Itemized and Verified Appellate Cost Bill ("Appellate Cost Bill") and Motion to Tax Appellate Costs.

The Appellate Cost Bill seeks $7,485.32. Neither objections to the Appellate Cost Bill nor a response to the Motion to Tax Appellate Costs have been filed with the Court. The costs claimed in the Appellate Cost Bill are proper and will be allowed.

The amount of Cost Bill is not disputed. Depositions account for $11,261.45 of the total of $12,591.19 sought. The remainder of $1,329.74 is for copying and binding costs for trial exhibits including copies of photographic exhibits.

Defendant John D. Nielsen and Terry Lundell organized Diamond Hill Farms, Clovis, Inc., the entity later utilized as a conduit to transfer potato sales proceeds to Lundell Farms in

circumvention of the loan agreement Lundell had with Plaintiff. While Nielsen can not be found individually liable, either legally or equitably, because of "issue preclusion" resulting from the jury verdict at trial; the situation is different when I consider what is the proper exercise of my discretion in reviewing the equities involved in awarding trial costs. Costs should be awarded to Plaintiff against Diamond Hill Farms, Clovis, Inc. Clearly, Plaintiff prevailed against Diamond Hill Farms. To allow Nielsen to recover trial costs against Plaintiff would effectively negate the cost award Plaintiff received against Diamond Hill because individual liability was not found against Nielsen, one of the two organizers of Diamond Hill. The irony and the inequity is obvious. Accordingly, I will deny the award of trial costs sought by Defendant John D. Nielsen.

**WHEREFORE,**

**IT IS ORDERED** that Defendant John D. Nielsen's Motion to Tax Trial Costs be, and it is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant John D. Nielsen's Motion to Tax Appellate Costs is **GRANTED** in accordance with the Itemized and Verified Appellate Cost Bill submitted with the motion.

_____
UNITED STATES DISTRICT JUDGE